**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001068
23-FEB-2016
08:53 AM**

NO. CAAP-14-0001068

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
IKUA A. PURDY, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 13-1-1252)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Ginoza, JJ.)

Defendant-Appellant Ikua A. Purdy (Purdy) appeals from
a Judgment of Conviction and Sentence, filed on July 23, 2014, in
the Circuit Court of the First Circuit (circuit court).[1] Judgment
was entered against Purdy after he was found guilty of Promoting
a Dangerous Drug in the Third Degree (Count I), in violation of
Hawaii Revised Statutes (HRS) § 712-1243 (2014);[2] Unlawful Use of
Drug Paraphernalia (Count II), in violation of HRS § 329-43.5

---

[1] The Honorable Dexter D. Del Rosario presided.

[2] HRS § 712-1243 provides:

> **§712-1243 Promoting a dangerous drug in the third
> degree.** (1) A person commits the offense of promoting a
> dangerous drug in the third degree if the person knowingly
> possesses any dangerous drug in any amount.
>
> (2)   Promoting a dangerous drug in the third degree
>       is a class C felony.

(2010);[3] and Theft in the Fourth Degree (Count III), in violation of HRS § 708-833 (2014).[4]

On appeal, Purdy contends that the circuit court abused its discretion when it denied his motion to dismiss Counts I and II based on a *de minimis* violation pursuant to HRS § 702-236(1) (2014)[5] because the circuit court applied the wrong legal standard to the motion.[6] Purdy further contends that he was deprived of the effective assistance of counsel because his trial counsel failed to properly assert all relevant elements of a motion to dismiss based on a *de minimis* violation.

Upon careful review of the record and the briefs

---

[3] HRS § 329-43.5 provides in pertinent part:

**[§329-43.5] Prohibited acts related to drug paraphernalia.** (a) It is unlawful for any person to use, or to possess with intent to use, drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body a controlled substance in violation of this chapter. Any person who violates this section is guilty of a class C felony and upon conviction may be imprisoned pursuant to section 706-660 and, if appropriate as provided in section 706-641, fined pursuant to section 706-640.

[4] HRS § 708-833 provides:

**§708-833. Theft in the fourth degree.** (1) A person commits the offense of theft in the fourth degree if the person commits theft of property or services of any value not in excess of $100.

(2) Theft in the fourth degree is a petty misdemeanor.

[5] HRS § 702-236(1) provides in pertinent part:

**§702-236 De minimis infractions.** (1) The court may dismiss a prosecution if, having regard to the nature of the conduct alleged and the nature of the attendant circumstances, it finds that the defendant's conduct:

. . . .

(b)   Did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction[.]

[6] Purdy does not challenge his conviction on Count III.

submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Purdy's points of error as follows and affirm.

    **1.  Motion to Dismiss for *De Minimis* Infractions.**  In this case, Purdy is alleged to have stolen a charitable contribution container from a 7-11 Store.  When Purdy was subsequently arrested, approximately thirty (30) minutes after the theft, a pat down by the arresting officer revealed that there was a prescription pill bottle in Purdy's pants in which there was a glass pipe.  Testing of the glass pipe showed that it had residue weighing .002 grams and containing methamphetamine.

    HRS § 702-236(1)(b) provides that a court may dismiss a prosecution as a *de minimis* infraction if "having regard to the nature of the conduct alleged and the nature of the attendant circumstances," the court finds that the defendant's conduct "[d]id not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction[.]" We review the circuit court's decision under HRS § 702-236 for abuse of discretion.  State v. Viernes, 92 Hawai'i 130, 133, 988 P.2d 195, 198 (1999).

    Purdy contends that the circuit court abused its discretion in denying his motion to dismiss because, in both its oral denial of the motion and its filed order, the circuit court erroneously relied on the following three-prong test from Justice Acoba's dissent in State v. Carmichael, 99 Hawai'i 75, 53 P.3d 214 (2002)(plurality opinion):[7]

---

[7]  In a footnote in his opening brief, Purdy contends that, despite his moving to dismiss both Counts I and II as *de minimis* infractions, the record appears to reflect that the circuit court only denied the motion as to Count I.  Purdy does not raise this as a point of error, therefore the argument is waived.  Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(4).  Also, Purdy's argument before the circuit court as to why Count II should be dismissed as a *de minimis* infraction was dependent on the circuit court first finding his violation in Count I to be *de minimis*.  The circuit court denied the motion as to Count I.

> The threshold qualification establishing that the
> defendant's conduct either does not cause the harm sought to
> be proscribed by HRS § 712-1243 or does so to an extent too
> trivial to warrant conviction is possession of an amount of
> drug not (1) saleable or (2) useable, *i.e.* capable of
> producing an illicit pharmacological effect, <u>or (3) linked
> to the defendant's involvement in a crime to support a drug
> habit at the time</u>.

<u>Id.</u> at 100, 53 P.3d at 239 (Acoba, J., dissenting) (emphasis
added). Purdy asserts instead that "[t]he case law in Hawaii for
a finding of conduct to be *de minimis* in the context of drug-
related offenses is whether the drugs are saleable or useable."

Purdy is correct that the third prong of Justice
Acoba's test in his <u>Carmichael</u> dissent has not been adopted by a
majority of a Hawai'i appellate court. However, although the
circuit court should not have pointed to that test, it appears
that the circuit court ultimately ruled in a manner that is
consistent with Hawaii case law regarding *de minimis* infractions
and HRS § 712-1243, such that its denial of Purdy's motion to
dismiss was not an abuse of discretion.

In its oral ruling, although the circuit court
discussed Justice Acoba's three-part test in his <u>Carmichael</u>
dissent, the court concluded its ruling by stating:

> When defendant's possession of the drugs arises out of
> his arrest for a theft, then under these circumstances, the
> Court cannot find that to be trivial because that is what
> the statute sought to abrogate.
> So for those reasons, the Court will, in its
> discretion, will deny the motion.

Moreover, in its Findings of Fact, Conclusions of Law, And Order
Denying Defendant's Motion To Dismiss For De Minimis Violation
(Findings and Conclusions), filed on January 22, 2014, the
circuit court properly referenced the language under HRS § 702-
236(1)(b) and standards set forth in the plurality opinion in
<u>Carmichael</u>. Although, like its oral ruling, the circuit court
also discussed Justice Acoba's three-part test in his <u>Carmichael</u>
dissent, the circuit court's ultimate conclusion was that:

> Based on Defendant's possession of a methamphetamine smoking
> device and smoked methamphetamine residue upon his person
> during the commission of a property crime, this court cannot
> conclude that Defendant's conduct did not actually cause or

4

> threaten the harm or evil sought to be prevented by the law defining the offense of promoting a dangerous drug in the third degree, HRS § 712-1243, or that it did so only to an extent too trivial to warrant the condemnation of conviction.

Thus, it appears that the circuit court denied the motion because Purdy possessed a pipe containing methamphetamine residue while committing a property crime. This conclusion is in line with Hawai'i case law.

Moreover, we disagree with Purdy's contention that, in determining whether a drug offense is *de minimis,* Hawaii case law limits the analysis to whether the drugs are saleable or useable. In State v. Fukagawa, 100 Hawai'i 498, 60 P.3d 899 (2002), the Hawaii Supreme Court stated that:

> In determining whether a defendant's conduct caused or threatened the evils sought to be prevented by drug laws, this court has considered the amount of drugs a defendant possessed as one of the relevant circumstances to be considered. . . . However, quantity is only one of the surrounding circumstances a court must consider. Before dismissing a charge as a de minimis infraction, a court must consider the amount of drugs possessed and the surrounding circumstances to determine if the defendant's conduct caused or threatened the harm or evil sought to be prevented by the law defining the offense sufficiently to warrant the condemnation of conviction.

Id. at 505, 60 P.3d at 906 (emphasis added)(citations omitted). "The legislative purpose of the penal statutes relating to drugs and intoxicating compounds – including HRS § 712-1243 – is to respond to 'abuse and social harm.' The legislature increased the penalties attendant to the possession or distribution of methamphetamines 'to counter increased property and violent crimes.'" Viernes, 92 Hawai'i at 134, 988 P.2d at 199 (citations omitted).

This court's decision in State v. Sanford, 97 Hawai'i 247, 35 P.3d 764 (App. 2001), *cert denied,* 97 Hawai'i 247, 35 P.3d 764 (2001), is instructive. In Sanford, the defendant was detained in a store for shoplifting and, while detained, drug contraband was found in her bag (.004 grams of a substance containing methamphetamine in a Ziploc bag and .005 grams of a residue containing methamphetamine found in a glass pipe). Id.

5

at 251-52, 35 P.3d at 768-69. The trial court found that the combined .009 grams of methamphetamine was a useable amount, the defendant did not challenge that finding on appeal, and thus this court treated the finding as binding. Id. at 256, 35 P.3d at 773. Given that finding, it was noted that, unlike in Viernes, this court could not say that, because the amount in question was "infinitesimal and was neither useable nor saleable, it could not engender any abuse or social harm, and hence, did not threaten the harm sought to be prevented by HRS § 712-1243." Id. at 256, 35 P.3d at 773 (citation, brackets and quotation marks omitted). However, this court did not end its analysis there, simply relying on whether the amount was useable. Rather, this court further reasoned that:

> viewing, as we must, "all of the relevant facts bearing on the defendant's conduct and the nature of the attendant circumstances regarding the commission of the offense," including the juxtaposition of drug repositories, smoking device and smoked residue, and especially the possession of such depleted drug contraband by one engaged in shoplifting, we cannot conclude that [defendant's] conduct "did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction," HRS § 702-236(1)(b), or agree with [defendant] that the punishment "does not fit the crime" as a matter of law.

Id. (emphasis added)(citations and brackets omitted). This court concluded that the defendant's conduct, committing a property crime, was "precisely the harm or evil that the legislature sought to prevent in HRS § 712-1243."[8] Id.

In State v. Vance, 61 Haw. 291, 602 P.2d 933 (1979), the Hawai'i Supreme Court noted that under HRS § 712-1243, it was an offense for a person to knowingly possess any dangerous drug "in any amount," that the statute was "part of a statutory scheme

---

[8] Purdy's contention that Sanford is distinguishable is without merit. While the defendant in Sanford had more drugs on her person, and was detained while still in the store, as opposed to Purdy being detained approximately thirty minutes after the theft in this case, the general proposition stated in Sanford is applicable. The trial court may, upon its consideration of all of the attendant circumstances, properly consider a defendant's possession of a smoking device and smoked residue, and the possession of such depleted contraband by one committing a property crime, as creating "precisely the harm or evil that the legislature sought to prevent in HRS § 712-1243."

designed to provide more severe punishment for possession of greater quantities of drugs[,]" and that given the statutory design and that the Legislature carefully considered the precise amount of drug needed to constitute an offense, "the direct and unambiguous language of our statute prohibits us from judicially amending the provision to include a usable quantity standard." Id. at 306-07, 602 P.2d at 943-44. Subsequently, in Viernes, the Hawai'i Supreme Court held that the trial court did not abuse its discretion in dismissing a charge under HRS § 712-1243 where there was uncontroverted evidence that the .001 gram substance containing methamphetamine involved in that case could not produce any pharmacological action or physiological effect, and was not saleable. 92 Hawai'i at 134, 988 P.2d at 199. As stated by the supreme court, however, "[i]t should be noted that, in so holding, this court should not be seen as contradicting Vance and applying a 'usable quantity standard' to HRS § 712-1243." Id. at 135, 988 P.2d at 200.

In this case, it appears that the circuit court denied the motion to dismiss in consideration of the amount of drugs Purdy possessed and the attendant circumstances that the evidence indicated that Purdy possessed a dangerous drug and drug paraphernalia while committing a property crime.[9] "With specific reference to HRS § 712-1243, this court has noted that Hawai'i's drug laws were intended to control the use and sale of illicit drugs, and to address related social harms, including property and violent crimes." Fukagawa, 100 Hawai'i at 504-05, 60 P.3d at 905-06 (citations omitted). Because the circuit court considered the nature of the conduct and the surrounding circumstance as presented by Purdy and its conclusion did not clearly exceed the bounds of reason or disregard rules or principles of law, it did

---

[9] Purdy's denial of possessing the pertinent state of mind is an issue for trial, not a motion to dismiss for de minimis infraction. See Viernes, 92 Hawai'i at 135, 988 P.2d at 200 (providing that a de minimis infraction arises where the conduct technically violates a statute, but the conduct is so harmless as to be de minimis pursuant to HRS § 702-236).

not abuse its discretion.

      **2. Ineffective Assistance of Counsel.** Purdy did not receive constitutionally deficient assistance of counsel because the alleged specific errors or omissions did not reflect counsel's lack of skill, judgment, or diligence, and, even if trial counsel was ineffective, it did not deprive Purdy of a possibly meritorious defense. See State v. Wakisaka, 102 Hawai'i 504, 513-14, 78 P.3d 317, 326-27 (2003) (providing test for ineffective assistance of counsel).

      Purdy contends that his counsel provided ineffective assistance because counsel failed to present attendant circumstances necessary to support the motion to dismiss for de minimis infractions.[10] In general, Purdy contends the circumstances not highlighted by his counsel show that Purdy had borrowed the shorts he was wearing from a friend; that the pill bottle and its contents were already in the shorts; and that Purdy did not commit the theft to support a drug habit. There is nothing in the record to show that this evidence existed at the time the circuit court ruled on Purdy's motion to dismiss.

      Moreover, even if such evidence were presented to the circuit court, it would not have affected the circuit court's analysis as to whether to dismiss based on a de minimis infraction. Rather, whether Purdy borrowed the shorts he was wearing and whether the bottle containing methamphetamine was already in the shorts, were germane to whether he was guilty of the offense, not whether the "nature of the conduct alleged and the nature of the attendant circumstances" warranted a determination that the alleged conduct was de minimis.[11]

---

[10] Purdy contends that counsel failed to present relevant attendant circumstances, but also states in his reply brief that "as required, both at the hearing on the motion and on appeal, the defense adduced evidence concerning the minuscule, trace amount of methamphetamine and the attendant circumstances. This adduced evidence demonstrates that a dismissal for de minimis violation was indicated."

[11] The nature of the conduct alleged is that Purdy "knowingly possesse[d] any dangerous drug in any amount." HRS § 712-1243 (emphasis added).

Further, as to Purdy's argument that his trial counsel should have argued the attendant circumstance that he committed the theft to buy food and cigarettes, and not to support a drug habit, as noted above, the case law does not require a property crime to be committed exclusively to buy drugs or support a drug habit. Counsel's representation of Purdy was not constitutionally ineffective and did not deprive Purdy of a possibly meritorious defense.

Therefore, IT IS HEREBY ORDERED that the Judgment of Conviction and Sentence, filed on July 23, 2014, in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, February 23, 2016.

On the briefs:

Lars Peterson,
for Defendant-Appellant.

James M. Anderson,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge